Lisa C. WEBER

v.

HOLIDAY INN, Beaumont Plaza.

No. 1:98–MC–36.

United States District Court,
E.D. Texas,
Beaumont Division.

March 4, 1999.

Lisa C Weber, Beaumont, TX, plaintiff pro se.

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COBB, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** It is therefore

**ORDERED** and **ADJUDGED** that movant's motion to proceed *in forma pauperis* is **GRANTED.** It is further

**ORDERED** and **ADJUDGED** that movant is **GRANTED** a reasonable period of time, up to and including May 15th 1999, within which to file her Title VII complaint on a *pro se* basis or through privately retained counsel, if she wishes to proceed. It is further

**ORDERED** and **ADJUDGED** that movant's motion for appointment of counsel is **DENIED.**

Failure of movant to proceed within such time will result in the automatic termination of this proceeding without the necessity of further order of the Court.

1. "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL

HINES, United States Magistrate Judge.

Pending are Lisa C. Weber's motions to proceed *in forma pauperis* and for court appointed counsel, filed in connection with a proposed action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (1994).

The motions are referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. BACKGROUND / PROCEDURAL HISTORY

Holiday Inn Beaumont Plaza (hereinafter Holiday Inn) hired movant, a black female, on July 29, 1996, as an accounts receivable clerk at defendant's hotel in Beaumont, Texas.

On July 28, 1997, movant was terminated from her position. Believing that Holiday Inn discriminated against her, Weber filed a charge of discrimination on July 30, 1997 with the Equal Employment Opportunity Commission ("EEOC"). (Dockt. at 1.) On March 11, 1998, the EEOC issued Weber a "Dismissal and Notice of Rights" letter that allowed her to initiate a civil action in federal court. Weber tendered for filing this proposed action on June 19, 1998. She contemporaneously moved to proceed *in forma pauperis* and for court appointed counsel.[1]

commencement of the action without payment of fees, costs, or security." 42 U.S.C. § 2000e–5(f)(1).

## II. TIMELINESS

■ The first consideration is whether movant's complaint was filed timely. Unless timely, then consideration of the merits would be solely an academic exercise.

■ A civil action under Title VII must be brought within ninety days of receipt of the right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996); *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir.1988); *Espinoza v. Missouri Pac. R.R.*, 754 F.2d 1247, 1248 (5th Cir.1985).

In the instant case, the EEOC issued movant a notice of right-to-sue on March 11, 1998. She filed this suit on June 10, 1998, ninety-one days later. Unless movant received the letter on the same date it was prepared, she is not barred from prosecuting this action. Therefore, movant's filing of this action is deemed timely.[2]

## III. THE ORAL HEARING

On September 16, 1998, the undersigned convened an oral hearing at the Jack Brooks Federal Building, Beaumont, Texas to consider Weber's motions. She was afforded an opportunity to testify, and to state in her own words the facts supporting her proposed suit.

### A. Movant's Allegations of Discrimination

At the hearing, movant testified that during her employment with Holiday Inn, she received two job performance evaluations. These evaluations took place in November 1996 and July 1997. Suzanne Colvin, movant's supervisor, conducted the evaluations and commented that movant's performance had been fairly successful but that she needed to improve her accuracy in preparing account ledgers.

Movant testified that she agreed with these evaluations. Movant conceded that while her evaluations were generally good, her supervisor had pointed to specific areas where improvement was necessary. Movant believes that her performance deficiencies were caused by Holiday Inn's failure to provide her with sufficient training.

Movant testified that beginning on July 22, 1997 she was scheduled to take a one-week vacation. On July 21, 1997, movant informed Suzanne Colvin, supervisor, that her son was ill and she would need to leave work to care for him. Holiday Inn, in its response to Weber's EEOC complaint, contended that plaintiff did not receive permission to leave work for the entire day and did not inform her supervisor about her whereabouts. Movant did not return to work again until after her scheduled vacation on July 28, 1997.

While movant was on vacation, an internal audit was conducted. According to Holiday Inn, a review of ledgers prepared by movant showed inaccuracies and incompleteness. Following the audit, on July 22, 1997, movant's supervisor met with three other managers, all alleged by movant to be white, about movant's continued employment. Based on her alleged poor performance, they decided to terminate movant when she returned from vacation.

On July 28, movant returned from vacation and met with her supervisor and two other managers. After detailing the problems with movant's performance, the Holiday Inn management informed movant of her termination.

Movant testified that she felt discriminated based on her race because she was not offered any job related training. Further, movant stated that she spoke with General Manager Cheryl Carter about these feelings. Movant alleges that Ms. Carter "brushed her off" and told her not to feel that way. Movant conceded that her termination was based on her inability to perform her responsibilities and specifically because she was not present to per-

---

2. Analogously, in Social Security disability decisions, the regulations presume that the claimant has received the decision not sooner than five days after it was mailed. 20 C.F.R. 422.210(c).

form work required during the July 1997 audit. Movant stated that during her employment she had "done her best given that she had received no training."

## B. Movant's Financial Condition

Weber testified that she was unemployed and stated that she had been unemployed since July 1997. Movant has custody of her three minor children. She receives approximately $200.00 per month in child support. Movant reports $25.00 in a bank savings account and no other cash-on-hand. Movant stated that she could not afford to pay the $150.00 filing fee to initiate this suit because her bills consume 100% of disposable income.

## C. Movant's Efforts to Secure Counsel

Weber consulted five attorneys about her case. She spoke with Robert Smith, Travis Evans, and attorneys with Waldman & Smallwood, Bush, Lewis & Ramsay, and Adams & Adams. Movant testified that because she was unable to afford a retainer fee, all five attorneys declined to represent her. Movant testified that she did not discuss a contingent fee arrangement with any of the attorneys.

## IV. THE EEOC RECORD

Holiday Inn is not before the court. The EEOC record, however, contains the company's response to the EEOC investigation. In its response, Holiday Inn disputed Weber's allegation of racial discrimination.

Holiday Inn alleged that movant was terminated because of her inability to perform her responsibilities. Holiday Inn claimed that Weber consistently submitted work that was inaccurate and incomplete. As evidence of these problems, Holiday Inn cited portions of Weber's employee file. In it, there are two performance evaluations that indicate Weber needed to improve in certain areas of her job performance. The first, in November 1996, instructed Weber to improve her accuracy and timeliness in her daily tasks. The second, in July 1997, indicated that Weber's work was too inconsistent because she frequently posted incorrect amounts to account ledgers.

As further evidence of Weber's problems, Holiday Inn refers to the results of the audit conducted in July 1997. The hotel's auditor allegedly found many errors in the hotel's books for which Weber was solely responsible. Specifically, the audit revealed that Weber had misapplied payments to incorrect accounts allowing the account ledgers to become out of balance. Holiday Inn claimed that despite multiple warnings about her deficient performance, Weber had not improved. The hotel management concluded that further warnings would be futile and decided to terminate Weber.

Weber does not dispute these facts. Instead, she insists that her performance deficiencies were a result of lack of training. She further states that she was discriminated against because Holiday Inn did not offer to provide training. Movant concedes, however, that other similarly situated white employees were not offered training either.

## V. MOTION TO PROCEED IN FORMA PAUPERIS

An affidavit in support of a motion to proceed *in forma pauperis* is sufficient if it states that, due to poverty, one cannot afford to pay the costs of legal representation and still provide for herself and her dependents. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents. *Id.* at 339, 69 S.Ct. at 89; *see also, Ryan v. Ramsey,* 936 F.Supp. 417, 425 (S.D.Tex.1996).

Weber is unemployed and receives only $200.00 to support three minor children. Her expenses appear to leave her with no surplus. Weber reports no material assets.

Weber should be allowed to proceed *in forma pauperis*. Her monthly income of approximately $200.00, in light of her living expenses and financial obligations, suggests that she cannot pay court costs and continue to provide for herself and her minor children. The motion to proceed *in forma pauperis* should be granted.

## VI. MOTION TO APPOINT COUNSEL

### A. Legal Standards

■ A civil litigant, proceeding under Title VII, has no absolute right to appointed counsel. *See* 42 U.S.C. § 2000e–5(f)(1); *see also, Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir.1990); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988). Rather, the decision to appoint counsel is left within the sound discretion of the trial court. *See Gonzalez*, 907 F.2d at 579; *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305 (5th Cir.1977).

■ In this Circuit, three factors are relevant in the decision to appoint counsel: (1) whether the movant has the financial ability to retain counsel, (2) whether the movant has made a diligent effort to retain counsel, and (3) whether the movant presents a meritorious claim. *See Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir.1990); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir.1984); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir.1977).

### B. Discussion

#### 1. Ability to Afford Counsel

■ A movant's ability to afford counsel is measured by a more lenient standard than that required to qualify for *in forma pauperis* status. *See Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir.1982). A movant need only show insufficient assets and income to afford an attorney to investigate a claim.

■ As previously noted, Weber reports a monthly income of $200.00. She does not appear to have the financial resources to hire a lawyer. Alternatively, she does not report sufficient liquidity to provide the up-front cash necessary to retain one, a prerequisite with all the attorneys she consulted. This factor weighs in favor of granting her motion for appointed counsel.

#### 2. Efforts to Secure Counsel

■ A movant's efforts to secure counsel must be "reasonably diligent" under the circumstances. *See Bradshaw v. Zoological Soc'y*, 662 F.2d 1301 (9th Cir.1981). A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement. *See Caston*, 556 F.2d at 1309.

Weber testified that she spoke with five attorneys about her case. Movant, however, never discussed with any of the five a contingent fee arrangement. While she could have pursued the matter more aggressively and inquired about a contingent fee arrangement, her efforts constitute a reasonable diligence. The attorneys could have on their own brought up the possibility of a contingent fee arrangement. This factor weighs in favor of granting the motion for appointed counsel.

#### 3. Merits of Weber's Claims

■ Evaluation of the merits of a *pro se* litigant's claims is most important, especially to avoid prosecution of a patently frivolous action. Nevertheless, because Weber is proceeding *pro se*, the court interprets her complaint liberally. *See Pena v. U.S.*, 122 F.3d 3, 4 (5th Cir.1997); *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 n. 16 (5th Cir.1996).

■ A *sua sponte* review as to the merits of a movant's complaint is closely akin to a frivolousness review under the general *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(2) (1998). The complaint is frivolous under section 1915 if it lacks an arguable basis in law or fact, or the claim's chance of success is slight. *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir.1995); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993).

In making its evaluation, the court must weigh all facts in a movant's favor. This necessarily means the court should accept movant's allegations as true, unless they rise to the level of being wholly irrational or incredible. *See Denton,* 504 U.S. at 33, 112 S.Ct. at 1733. Weighing facts in a movant's favor also means the court should grant movant all reasonable inferences of her factual contentions. *See Johnson v. Rodriguez,* 943 F.2d 104, 107 (1st Cir.1991). Therefore, if a movant asserts a recognized legal theory, and facts supporting such a claim, the claim is not wholly frivolous and should survive frivolousness review under section 1915. *See Denton,* 504 U.S. at 33, 112 S.Ct. at 1733.

Weber's complaint, supplemented by her sworn testimony, makes out a prima facie discrimination case by alleging that (1) she is within a protected class, (2) she was demoted from a job for which she was qualified, and (3) her position remained open or was filled by someone outside of the protected class. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Grimes v. Texas Dept. of Mental Health & Mental Retardation,* 102 F.3d 137, 140 (5th Cir.1996). However, in its response to Weber's EEOC complaint, Holiday Inn presented race neutral reasons for movant's termination.[3] Thus, movant must demonstrate further that the reason given by the employer for her termination was only a pretext for racial discrimination.

The burden of showing discrimination due to race under Title VII is difficult. Evidence of generic unfair treatment is not sufficient to prevail under Title VII. Instead, there must be some showing that the unfair treatment was based on a protected category. Denial of training, or even malicious or vindictive actions are not actionable under Title VII in the absence of articulable discrimination based on a protected classification, i.e. race, sex, or national origin.

Here, the gravamen of movant's complaint is that her supervisor, Ms. Colvin, acted unfair in her treatment of movant by denying movant sufficient training to complete her assigned tasks. The only evidence that this treatment was racially motivated is movant's subjective belief that race may have been a factor because Ms. Colvin and other managers at Holiday Inn were white. Holiday Inn counters this evidence with documentation that white employees were treated similarly. Movant testified that primarily she was terminated because of her absence at the July 1997 audit. She states that her supervisor, Ms. Colvin, was upset because she had to do her work. As for her subpar performance evaluations, movant states that they were caused by the company's refusal to provide her proper training.

Under the circumstances, movant has not shown that her problems were based on race or color. Objectively viewed, all that movant has presented is her subjective belief that she has been treated differently due to her race. Her testimony is devoid of specific objective incidents of racial discrimination, i.e., racial comments, treatment different from similarly situated white employees. Indeed, movant testified that could conceive of no reason other than racial discrimination for the actions taken against her. This subjective belief and speculation cannot form the basis for judicial relief, particularly when, as in the instant case, an adequate nondiscriminatory reason is presented for the employer's actions. *See Hornsby v. Conoco,* 777 F.2d 243 (5th Cir.1985).

Movant has failed to demonstrate pretext or otherwise articulate facts that could support a claim of racial discrimination. Thus, she has failed to make a showing that her suit has a reasonable likelihood of

---

3. Holiday Inn cites a series of counseling sessions and warnings leading to movant's eventual termination. While movant contends that she only received two annual employee evaluations, she does not contest the problems she had in completing her work-related responsibilities.

success. The facts alleged by movant are insufficient to sustain a claim under Title VII.

### 4. Conclusion

The motion for appointed counsel should be denied. The EEOC record, combined with the testimony by the movant at the hearing, compel a finding that movant's case lacks merit.

### RECOMMENDATION

The motion to proceed *in forma pauperis* should be granted. The motion for court appointed counsel should be denied.

### OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R.CIV.P. 6(a), 6(b), 72(b).

■ A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).