**Ruthie L. BRIGHT, As Guardian
of Brandon B. Bright**

v.

**Timonty HICKMAN, et al.**

No. 9:99–CV–317.

United States District Court,
E.D. Texas,
Lufkin Division.

May 5, 2000.

---

Ruthie L. Bright, pro se.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COBB, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** It is therefore

**ORDERED** and **ADJUDGED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** It is further

**ORDERED** and **ADJUDGED** that plaintiff's motion for appointment of counsel is **GRANTED.** The Honorable *Richard S. Fischer,* Attorney at Law, *203 South Street, Nacogdoches, Texas 75061,* is hereby **APPOINTED** to represent plaintiff. The Clerk shall provide appointed counsel with a complete copy file.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL

HINES, United States Magistrate Judge.

Ruthie L. Bright, as guardian of Brandon B. Bright, brings this action against

Timonty Hickman and Crockett State School, under 42 U.S.C. § 1983. Pending are Bright's motion to proceed *in forma pauperis,* (*see* Docket No. 2), and motion for appointment of counsel, (*see* Docket No. 7).[1]

On March 15, 2000, the undersigned convened an oral hearing at the Ward Burke Federal Building in Lufkin, Texas, to consider the motions. This report addresses the motions and recommends that: (1) the motion to proceed *in forma pauperis* should be granted, and (2) the motion for appointment of counsel should be granted.

## 1. Background

According to the complaint and testimony at the oral hearing, Ruthie Bright is the mother of Brandon Bright. Brandon Bright is 16 years old and suffers from bipolar disease.[2] From ages 10 to 15, he has been hospitalized four times due to this medical ailment. Since the age of 15, he has been in Crockett State School.

Crockett State School is a Texas Youth Commission institution (TYC). TYC provides for the care, custody, rehabilitation, and re-establishment in society of persons who are committed by the court for having engaged in delinquent conduct under Title 3, the Juvenile Justice Code, of the Texas Family Code. Delinquent conduct is defined under the Juvenile Justice Code as a violation of a penal law punishable by imprisonment or confinement in jail. TYC operates secure institutional and community-based residential halfway house programs and provides supervision for youth upon their release to the community. In addition, TYC contracts with private sector providers for secure and community residential and nonresidential services. *See Texas Youth Commission—Facilities and Programs* (visited April 12, 2000)

<http://www.tyc.state.t · · x.us/contents/06fac_pr.html>

Timonty Hickman is a staff member at Crockett State School. Ruthie Bright alleges ·that Hickman physically, emotionally, mentally, and psychologically abused her son on two separate occasions. First, on January 11, 1999, Hickman and two staff members of Crockett State School physically assaulted her son in the infirmary. She alleges that her son and another student at Crockett State School engaged in a physical altercation. As a result, another staff member attempted to separate the two fighting students. However, her son inadvertently injured that staff member. Thereafter, Crockett State School staff members sent her son to the infirmary for the physical altercation. While there, Hickman and two staff members retaliated against her son by punching him in the stomach with their fists.

On November 6, 1999, Hickman again physically assaulted her son. She alleges that Hickman and her son engaged in a conversation. Hickman then ordered her son to a "time-out," requiring Brandon Bright to proceed to his dorm room for a brief period of time or to another area. When her son refused, Hickman lifted her son from the floor and slammed him into a metal door. Brandon Bright suffered a cut on his head that required ten stitches. Further, a nurse, instead of a medical doctor, attended to her son's cut after he bled for two hours.

For relief, Ruthie Bright seeks monetary damages. In addition, she seeks a complete investigation on Crockett State School for failure to address the alleged physical abuse.

---

**1.** The motions are referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States magistrate judge.

**2.** Dorland's Illustrated Medical Dictionary defines bipolar disorder as:

> Pertaining to mood disorders in which both manic and depressive episodes occur.

## 2. The Oral Hearing

Ruthie Bright appeared without counsel at the oral hearing. She stated that she is not able to pay the filing fee of $150 to initiate this lawsuit. She stated that she works as a full-time housekeeper at Trinity Mother Frances Hospital in Tyler, Texas, making a hourly rate of $6.50—which computes to a monthly income of $890.[3] She stated that her assets consist of one automobile[4] worth $1,500, and a mortgage-free house worth $31,000. She further stated that she has no other income. Ruthie Bright is single, and has three sons—including Brandon Bright. The oldest son is 23 years of age, the second 22 years old, and, as mentioned earlier, Brandon Bright is 16 years old. The two oldest sons live with her, and depend on her for financial support.

Ruthie Bright stated that she consulted attorney Clifton Lamar Roberson in Tyler, Texas. She stated that Mr. Roberson informed her that he does not take federal cases. She also consulted attorney F.R. (Buck) Files in Tyler, Texas. She stated that Mr. Files did not return her calls regarding possible representation.

## 3. Discussion and Analysis

### A. Motion to Proceed *In Forma Pauperis*

#### (1) Legal Standards

 A plaintiff who cannot afford to pay court costs and fees may, with the permission of the court, commence an action without paying the costs and fees.

*See* 28 U.S.C. § 1915(a)(1).[5] A plaintiff who wishes to proceed *in forma pauperis* must file an affidavit attesting to his indigency. *See id.* The affidavit is sufficient if it states that, due to poverty, plaintiff cannot afford to pay the costs of legal representation and still provide for himself and his dependents. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S.Ct. 85, 93 L.Ed. 43 (1948); *see also Weber v. Holiday Inn*, 42 F.Supp.2d 693, 697 (E.D.Tex.1999). While plaintiff does not need to be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when plaintiff cannot give such costs and remain able to provide for himself and his dependents. *See Adkins*, 335 U.S. at 339, 69 S.Ct. 85; *see also Mitchell v. Champs Sports*, 42 F.Supp.2d 642, 648 (E.D.Tex.1998).

#### (2) Application

 Here, Ruthie Bright makes $890 per month, supporting herself and her two sons. She stated that she has $40 cash on hand. Based on her income, her dependents, and her cash on hand, a one-time payment of $150 will render her unable to provide for herself and her dependents. Therefore, the motion for *in forma pauperis* should be granted.

### B. Motion for Appointment of Counsel

#### (1) Legal Standards

 Generally, a plaintiff does not have a right to appointed counsel in a Section 1983 action. *See Hardwick v.*

DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 201 (28th ed.1994).

3. Ruthie Bright did not indicate whether $890 is gross or net monthly income. Based on the undersigned's calculation, $890 appears to be her net monthly income: assuming that she works 40 hours per week, her gross weekly income is $260 (hourly rate multiply by 40); her gross annual income is $13,520 ($260 multiply by 52 weeks); thus, her gross monthly income is $1,126.67 (gross annual income divided by 12 months).

4. A 1987 Dodge Caravan.

5. Section 1915(a)(1) states:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> 28 U.S.C. § 1915(a)(1). The phrase "prisoner" appears to be a typographical error and does not limit the statute to prisoner suits. *See* 1 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 4.40[1] (3d ed.2000).

*Ault,* 517 F.2d 295, 298 (5th Cir.1975). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *See Branch v. Cole,* 686 F.2d 264, 266 (5th Cir.1982). The existence of such circumstances will turn on the quality of two basic factors: (1) the type and complexity of the case, and (2) plaintiff's abilities. *See id.* In Section 1983 actions, the Fifth Circuit has developed a four-part standard that the district court should consider in ruling on motions for appointment of counsel:

(1) Type and complexity of the case;

(2) Whether plaintiff is capable of adequately presenting his case;

(3) Whether plaintiff is in a position to investigate adequately the case; and

(4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.

*See Jackson v. Dallas Police Dept.,* 811 F.2d 260, 262 (5th Cir.1986) (quoting the factors enumerated in *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir.1982)). The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *See Ulmer,* 691 F.2d at 213.

**6.** Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

**7.** The Eighth Amendment states:

### (2) Application

### (A) Type and complexity of the case

Consideration of the type and complexity of this case involves evaluation of the merits of Ruthie Bright's action.

Title 42 of the United States Code Section 1983 creates a cause of action against any person who, under color of state law, causes another to be deprived of a federally protected constitutional right. *See* 42 U.S.C. § 1983.[6] In order to state a cause of action under Section 1983, a plaintiff must allege two elements: (1) a person has deprived plaintiff of a federal right, and (2) the person has deprived plaintiff of that right acting under color of state or territorial law. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

Here, Ruthie Bright has stated a cause of action under Section 1983. First, she alleges that Hickman deprived her son of a federal right, i.e., the right from cruel and unusual punishment. *See* U.S. CONST. amend. VIII.[7] The Eighth Amendment protects non-convicted persons, including juveniles, held in state institutions from cruel and unusual punishment. *See Morales v. Turman,* 364 F.Supp. 166, 173 (E.D.Tex.1973).[8] Hickman, through the

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. CONST. amend. VIII.

**8.** Judge Justice wrote:

The widespread practice of beating, slapping, kicking, and otherwise physically abusing juvenile inmates, in the absence of any exigent circumstances, in many of the Texas Youth Council facilities ... violates the Eighth Amendment of the United States Constitution... This kind of punishment, which is administered not merely in the absence of legislative authorization, whether express or implied, but rather in express derogation of state law, violates the Eighth Amendment because it is so severe as to degrade human dignity; is inflicted in a wholly arbitrary fashion; is so severe as to be unacceptable to contemporary society; and finally, is not justified as to serving any necessary purpose.

*Morales,* 364 F.Supp. at 173.

alleged physical assaults, deprived Brandon Bright of his Eighth Amendment right to be free from cruel and unusual punishment.

Second, Ruthie Bright alleges that Hickman acted under color of state law while depriving Brandon Bright of his Eighth Amendment right. Hickman is a staff member at Crockett State School, an institution run by the State of Texas.[9] Thus, Hickman acted under color of state law.

Ruthie Bright has stated a cause of action under Section 1983. Therefore, this factor weighs in favor of granting the motion for appointed counsel.

**(B) Whether plaintiff is capable of adequately presenting his case**

Ruthie Bright indicated that she is a high school graduate from John Tyler High School in Tyler, Texas. She also studied food service supervision at Tyler Junior College in Tyler, Texas, for one year. She indicated that she has successfully completed continuing education conferences regarding food service supervision. Further, she has never filed an action similar to this instant action.

Here, there is considerable doubt whether Ruthie Bright can adequately present her case. While she was articulate at the oral hearing, her level of education and lack of experience in the judicial system indicate that she will not be capable of adequately presenting her case.

Therefore, this factor weighs in favor of granting the motion for court appointed counsel.

**(C) Whether plaintiff is in a position to investigate adequately the case**

Ruthie Bright indicated that she has not received any information from Crockett State School regarding the two alleged incidents, other than what her son informed her. Indeed, she does not even have the identity of other staff members at Crockett State School that allegedly as-

saulted her son. She also indicated that she unsuccessfully attempted to communicate with members of Crockett State School regarding these incidents. She further indicated that no personnel at Crockett State School has called her regarding her son's condition.

Here, this case has not enjoyed factual discovery. Ruthie Bright is free to interview witnesses, collect evidence, and take statements since she is not incarcerated. Nevertheless, she is not in a position to investigate adequately the case. First, she has encountered significant difficulties seeking information from Crockett State School. Second, her lack of experience in the judicial system puts her in a disadvantage to investigate adequately the case. Finally, her level of education indicates that she will encounter complications investigating the case. Thus, these factors indicate that an experienced counsel would assist her case significantly.

Therefore, this factor weighs in favor of granting the motion for appointment of counsel.

**(D) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.**

According to Ruthie Bright's complaint and her testimony at the hearing, this action will involve significant conflicting testimony. Her only source of information comes from her son. Since Hickman and Crockett State School have not appeared, it is impossible to determine their version of facts. Nonetheless, there exists a high probability of conflicting factual scenarios due to the nature of Ruthie Bright's allegation.

Here, an experienced trial attorney's skill in the presentation of evidence in cross examination is required. First, Ruthie Bright's level of education and lack of

9. The Eighth Amendment applies to states through the Fourteenth Amendment. *See*

*Tuilaepa v. California,* 512 U.S. 967, 970, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994).

experience in the judicial system will not skillfully present evidence in cross examination. Second, this action will require significant live testimony from witnesses, since she does not have any documentary evidence. Finally, she does not have a complete knowledge of the facts surrounding her claim.

Therefore, this factor weighs in favor of granting the motion for appointment of counsel.

### (3) Conclusion

An appointed counsel will aid in the efficient and equitable disposition of Ruthie Bright's action. Further, all four factors weigh in favor of granting the motion for appointment of counsel. Therefore, the motion for appointment of counsel should be granted.

### 4. Recommendation

The motion to proceed *in forma pauperis* should be granted. Likewise, the motion for appointment of counsel should be granted.

### 5. Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

April 18, 2000.