**Jimmie Lee BRANCH, Petitioner-Appellant,**

v.

**Charles Ray COLE, et al., Respondents-Appellees.**

**No. 80–4001.**

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1982.

Rehearing Denied Oct. 14, 1982.

---

* Former Fifth Circuit case, Section 9(1) of Public  Law 96–452—October 14, 1980.

Ronald Reid Welch, Jackson, Miss. (court-appointed), for petitioner-appellee.

W. V. Westbrook, III, Sp. Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

Before CLARK, Chief Judge, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. § 1983 unless the case presents exceptional circumstances. Since the district court did not base its decision to deny counsel on whether such circumstances existed, we remand to permit it to make that determination and with contingent directions to hold a new trial in the event it so finds.

The facts of this case are as follows: Jimmie Lee Branch is an inmate at the Mississippi State Penitentiary at Parchman, Mississippi. On February 28, 1979, he was escorted by correctional official Doyle Morrow from his cell to a meeting of inmates in the dining hall. Branch alleges that Morrow unnecessarily handcuffed his wrists and placed the handcuffs on too tightly. He claims that when he arrived at the dining hall Charles Cole, the Unit Administrator, grabbed him by the neck and then pulled his handcuffed arm high up behind his neck. Branch says that the two officials forced him into the nearby lobby and that they continued to hold his hands up high, forcing him down on his knees. Branch claims that their use of force resulted in injury to his wrists, hands, and back, and that he did not receive prompt or effective medical treatment for those injuries.

Branch filed a complaint in the Northern District of Mississippi based on this incident. He used a prisoner complaint form required by the local rules of that court, supplemented with a sworn personal affidavit. The magistrate granted his application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and ordered that process issue pursuant to 28 U.S.C. § 1915(c).

The defendant's motion for summary judgment was denied by the district court. Thereafter Branch moved to have counsel appointed to aid him in the prosecution of his suit through discovery and trial. Branch averred that he had proceeded thus far with the help of certain inmate writ-writers who were no longer living in his unit. Furthermore, he stated that he lacked the ability to gather evidence or to examine witnesses. In requesting that counsel be appointed, Branch specifically referred to the court's discretionary authority under 28 U.S.C. § 1915(d). The magistrate denied this motion, finding no exceptional circumstances present. Discovery continued on both sides. Branch then filed a second motion to have counsel appointed, which was not ruled on until the day of trial. On that day the trial judge held a conference in chambers. The judge explained that he would make some allowances for Branch since he was not trained

in the law, but would not completely depart from pertinent rules of evidence or law. The judge asked Branch if he felt he could continue handling the case on his own, to which Branch answered no. The court then stated:

Well, there's no way the court can compensate or pay a lawyer to represent people in your category. So there is really no practical way the court can put a lawyer at your disposal. It is not a criminal matter, you are not entitled to counsel. It is just discretionary with the court. And the reason it is not being done is because lawyers are unwilling to work for free.... And the court has really run out of its ability to get lawyers to represent prisoners on 1983 cases for no pay. Hopefully the law might be someday changed, but that's the way it stands right now.

■ Branch proceeded to conduct his own case before a jury, opposed by three lawyers for the defendants. The trial lasted nearly two days and resulted in a verdict for the defendants. Because the issue here is whether counsel should have been appointed prior to trial, based on the facts known then to the district court, we are precluded in answering that question from using the hindsight gained by observing Branch's actual performance. Thus it is unnecessary and inappropriate to detail what occurred at trial.

The district court's reasons for its decision not to appoint counsel refer to the difficulty of finding lawyers willing to accept uncompensated appointments, and the lack of entitlement to counsel in such cases. The district court did not reach the ground advanced by the magistrate, namely that the case did not present exceptional circumstances. Thus, the court may have abused its discretion in refusing the appointment.

■ We stated in *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975), that "generally speaking no right to counsel exists in § 1983 actions." Later decisions of this court approving appointments of counsel make clear that the words "generally speaking" contain an important limitation on *Hardwick*'s "no right" language. *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625–26 (5th Cir. 1981); *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980). Other circuits have also recognized that appointments of counsel should be made under the authority of 28 U.S.C. § 1915(d) if cases meet stated threshold requirements, *see Stringer v. Rowe*, 616 F.2d 993 (7th Cir. 1980), or where exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

The exceptional circumstances standard employed by the magistrate in this case provides the proper test in cases of this type. *Schack v. Florida*, 391 F.2d 593 (5th Cir.), *cert. denied*, 88 S.Ct. 2080, 392 U.S. 916, 20 L.Ed.2d 1376 (1968). No comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and the abilities of the individual bringing it.[1] The discretion to make the determination under 28 U.S.C. § 1915(d) is appropriately vested in the district court.

■ We hope that the district court's inability to find counsel willing to take appointments in civil rights actions by indigents is incorrectly perceived or that it does not represent a common condition in trial courts. Attorneys admitted to practice in the federal courts of this circuit are or ought to be bound in the discharge of their duties as court officers by ethical precepts

1. Branch argues that the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) mandates a broader standard. *Bounds* is related, but distinct. The issue in *Bounds* involved the responsibility of the state to insure inmates meaningful access to the courts. Its explicit concern was getting inmates through the courtroom door. 430 U.S. at 828 n.17, 97 S.Ct. at 1498 n.17. In the case at bar, Branch was able to get his case filed and presented for the court's consideration because of the mechanics adopted by the state to comply with *Bounds*. The majority opinion in *Bounds* did not deal with appointment of counsel by the federal district courts pursuant to 28 U.S.C. § 1915(d) for those inmates who have gained access to the courts.

similar to those set out in the American Bar Association's Model Code of Professional Responsibility:

> A lawyer should assist the legal profession in fulfilling its duty to make legal counsel available. (Canon 2) ... The rendition of free legal services to those unable to pay reasonable fees continues to be an obligation of each lawyer.... (EC 2–25) ... When a lawyer is appointed by a court ... to undertake representation of a person unable to obtain counsel whether for financial or other reasons, he should not seek to be excused from undertaking the representation except for compelling reasons. (EC 2–29).... Those persons unable to pay for legal services should be provided needed services. (EC 8–3).[2]

If the court continues to have difficulty in obtaining the voluntary service of counsel despite their ethical responsibilities, it may wish to limit the compensated practice by members of its bar to those willing to accept their share of indigent cases. The lot of appointed counsel may not be an altogether unhappy one financially. 42 U.S.C. § 1988 creates a meaningful prospect of realizing fees from meritorious § 1983 cases. 28 U.S.C. § 1915(d) gives the district court broad discretion to weed out and dismiss frivolous claims, thus increasing the likelihood of success. The district court erred in exercising its considerable discretion to appoint counsel under 28 U.S.C. § 1915(d) by denying such appointment because of the unavailability of counsel.

We remand so that the court may make findings under the appropriate standards without a hint or whisper as to what the outcome should be. If, however, it is determined that exceptional circumstances warranting the appointment of counsel exist, the court is directed to grant Branch a new trial with the counsel to which he was entitled.

VACATED AND REMANDED WITH DIRECTIONS.

---

2. The Mississippi Supreme Court has promulgated the ABA Code in slightly modified form. The provisions of the Code quoted in text have been adopted by the Mississippi Supreme Court. This circuit has consistently looked to the Code for guidance in matters involving professional responsibility. *See In re Corrugated Container Antitrust Litigation*, 659 F.2d 1341 (5th Cir. 1981); *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1022 n.2 (5th Cir. 1981); *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 172 n.5 (5th Cir. 1979); *Wilson P. Abraham Constr. Corp. v. Armco Steel Corp.*, 559 F.2d 250, 252 (5th Cir. 1977).

For a discussion of the background and merit of recent proposals for mandatory pro bono service, *see* Shapiro, *The Enigma of the Lawyer's Duty to Serve*, 55 N.Y.U.L.Rev. 735 (1980). The validity of noncompensable appointments is treated briefly in *White v. United States Pipe & Foundry Co.*, 646 F.2d 203, 205 n.3 (5th Cir. 1981).