IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40295
Conference Calendar
_____

RODNEY LEE McDOWELL,

                                        Plaintiff-Appellant,

versus

WILLIAM H. BROOKS, Board
of Pardons & Paroles,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(USDC No. 6:94-CV-746)
- - - - - - - - - -
June 28, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Rodney Lee McDowell has filed an appeal from the district
court's dismissal of his suit; nevertheless, McDowell has failed
to brief any issue related to the district court's dismissal of
his suit.  Although this court construes pro se pleadings
liberally, pro se litigants must abide by the Federal Rules of
Appellate Procedure.  See United States v. Wilkes, 20 F.3d 651,
653 (5th Cir. 1994).  The Rules require that the appellant's
argument contain the reasons he deserves the requested relief

     *    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

"with citation to the authorities, statutes, and parts of the record relied on." FED. R. APP. P. 28(a)(6). A statement of the applicable standard of review is also required. Id.

Failure to comply with the court's rules regarding the contents of briefs can be grounds for dismissing a party's appeal. 5TH CIR. R. 42.3.2. Because McDowell has failed to brief the only viable issue in this appeal (the propriety of dismissal for failure to prosecute), the appeal has no arguable merit and is therefore frivolous. Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

McDowell has also moved this court to appoint counsel on appeal. No general right to counsel in civil rights actions exists. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). "This court may appoint counsel in civil rights actions presenting `exceptional circumstances.'" Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991)(quoting Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982)). McDowell's allegations that he was entitled to "maybe mandatory release or maybe an interview" are speculation, and they do not state a claim under 42 U.S.C. § 1983. This case is unexceptional; McDowell's motion is DENIED.