IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10931
cons. w/
No. 99-11077

Summary Calendar
_____

JESSIE JAMES CALLOWAY,

                              Plaintiff-Appellant,

                    versus

NFN CORRECTIONAL OFFICER 3 WEBB, Etc.; ET AL.,

                              Defendants,

NFN CORRECTIONAL OFFICER 3 WEBB, Sergeant;
J. SLOAN; LONNIE CARPENTER, Sergeant;
RENE YBARRA, Sergeant; WES DENTON,
Correctional Officer 3,

                              Defendants-Appellees.

_____

Appeals from the United States District Court
For the Northern District of Texas
(1:95-CV-33)
_____

February 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     This case is a section 1983 suit by a Texas state prisoner,

Jesse James Calloway, who alleges excessive force by prison guards

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of the Eighth Amendment.  A jury found in favor of the defendant correctional officers.  On appeal, Calloway argues that the district court abused its discretion in denying his request for appointed counsel.  Finding no abuse of discretion, we affirm.

I

While he was being transferred between facilities, Calloway made statements that angered several guards.  According to Calloway, the guards then beat him, resulting in a small laceration above his eye and a sprained ankle.  Calloway sued one of the guards under 42 U.S.C. section 1983, seeking a declaratory judgment and damages.

Before trial, Calloway requested court-appointed counsel under 28 U.S.C. § 1915(e)(1).  The trial court denied the request, and later entered judgment against Calloway.  Calloway appealed, and this circuit reversed and remanded, holding that the district court abused its discretion in denying the appointment of counsel without considering the factors outlined in *Ulmer v. Chancellor*.[1]

Returning to the district court, Calloway renewed his request, and the court again denied appointed counsel, citing the *Ulmer* factors and noting that the court had ensured that Calloway had copies of previously disclosed discovery materials, that Calloway had been filing motions and responses, and that the case was not complex.  Calloway appealed the denial of appointed counsel.

---

[1] 691 F.2d 209, 213 (5th Cir. 1982).

The case proceeded to trial a second time with Calloway representing himself.[2]  A jury found in favor of all the defendants.  Calloway appealed the jury verdict, which was consolidated with Calloway's earlier appeal.  In these consolidated appeals, Calloway argues only a single issue: that failure to appoint trial counsel was an abuse of discretion by the district court.

## II

"A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. § 1983 unless the case presents exceptional circumstances."[3]  The district court has "considerable discretion" to grant or deny a motion to appoint counsel,[4] but the court must consider several factors. These include:

    1. the type and complexity of the case;
    2. the petitioner's ability to adequately present and investigate his case;

---

[2] The Defendant Webb at some point had disclosed information about the other guards involved in the alleged beating; after remand, Calloway filed an amended complaint naming five defendants, and the case went to trial against all five.

[3] *Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982).

[4] *Id.* at 267.  Calloway argues that this court impermissibly limits the discretion of the district court by requiring "exceptional circumstances" for counsel to be appointed.  We have stated, however, that although "exceptional circumstances" may *require* a district court to appoint counsel, *id.* at 265, the district court generally has discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel in the interests of justice. *Ulmer*, 691 F.2d at 213.

3

3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.[5]

Although this case does involve some conflicting testimony about whether the guards in fact beat Calloway, there is nothing "exceptional" about this case. The factual issue is simple: whether, and how, the guards beat Calloway. The legal issue is discrete: did the beating, if proved, violate the Eighth Amendment. There are no usual evidentiary issues. The district court found that Calloway had the ability to represent himself adequately, and the record prior to the denial of his request for appointed counsel suggests no error in that finding. Thus, at best, Calloway's case implicates only the third of the four listed factors for appointing counsel. The district court did not abuse its discretion in denying the appointment of counsel.

III

Earlier cases have affirmed denials of appointed counsel in a case involving numerous legal claims arising out of an alleged

---

[5] *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (internal quotation marks omitted). *Parker* provides the latest restatement of the *Ulmer* factors. This court has also announced factors upon which a court may not base a denial of appointed counsel, such as a belief that attorneys would be unwilling to represent the plaintiff. *See Branch*, 686 F.2d at 267 (remanding for consideration of proper factors); *Ulmer*, 691 F.2d at 212-13 (same).

illegal detention and beating[6] and in a case involving denial of food to a prisoner who refused to fully dress for meals.[7] Calloway's case is no more complex than these. The district court's denial of appointment of counsel and final judgment in this case are AFFIRMED.

---

[6] *See Richardson v. Henry*, 902 F.2d 414, 415, 417 (5th Cir. 1990).

[7] *See Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1081, 1084 (5th Cir. 1991).