IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20351
Summary Calendar
_____

MARGARET L. KIZZEE,

Plaintiff-Appellant,

versus

CITY OF HOUSTON; BOB LANIER; LEE P. BROWN,
Houston Mayor; JOE ROACH, Houston City
Councilman; CITY OF HOUSTON CIVIL SERVICE
COMMISSION; LONNIE VARA, City of Houston
Employee; LENORIA WALKER, City of Houston
Employee; EVERETT A. BASS, City of Houston
Employee; LOUIS MCKINNEY, City of Houston
Employee; FRANK C. LOPEZ, City of Houston
Employee; ANDREW CONTRERAS, City of Houston
Employee; MICHAEL VAUGHNS, City of Houston
Employee; RICHARD BROWN; DANIEL GUTIERREZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-2208
_____

April 2, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Margaret Kizzee appeals an adverse summary judgment, contending that the district court erred in holding that she had failed to establish a prima facie case of discrimination under the Americans with Disabilities Act. A review of the record discloses that Kizzee has not established that her moderate, intermittent difficulty in walking and working, apparently caused by lupus, rheumatoid arthritis, and Reynaud's Syndrome, constitutes a disability within the meaning of the ADA.[1] She has not established that she suffered an adverse employment action or that her working conditions were "so intolerable that a reasonable employee in her position would feel compelled to resign."[2] Further, she has not established that she was penalized for using the handicapped parking area or that she was treated less favorably than other nondisabled employees.[3] Therefore, she has not established a prima facie case of discrimination due to her disability under the ADA.[4] Inasmuch as she has no constitutional right to counsel in a civil action, she may not bring a claim that her counsel was ineffective.[5] Finally, we will not consider evidence

---

[1]Talk v. Delta Airlines, Inc., 165 F.3d 1021 (5th Cir. 1999).

[2]Webb v. Cardiothoracic Surgery Associates of North Texas, P.A., 139 F.3d 532, 538 (5th Cir. 1998).

[3]McInnis v. Alamo Community College Dist., 207 F.3d 276 (5th Cir. 2000).

[4] See id.

[5]Sanchez v. United States Postal Service, 785 F.2d 1236 (5th Cir. 1986); Branch v. Cole, 686 F.2d 264 (5th Cir. 1982).

which was not presented to the district court.[6]   Accordingly, the appellees' motion to strike Kizzee's record excerpts is granted.[7]

AFFIRMED; MOTION TO STRIKE RECORD EXCERPTS GRANTED.

---

[6]Theriot v. Parrish of Jefferson, 185 F.3d 477 (5th Cir. 1999), cert. denied, 120 S. Ct. 2004 (2000).

[7]Id.