IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40883
Summary Calendar

_____

RAY COLGROVE,

                                        Plaintiff-Appellant,

versus

R. GRANT; ET AL.,

                                        Defendants,

R. GRANT; BILL CHEATHAM; ANDY DAVILA; SAMMY BUENTELLO;
S. UPTON, Officer - Coffield Unit,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-377
--------------------
January 29, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Ray Colgrove, Texas inmate # 471509, appeals the district

court's judgment that he take nothing in his 42 U.S.C. § 1983

suit.  Colgrove's motion for appointment of counsel is DENIED.

     Colgrove has not appealed the district court's dismissal of

his claim that he was denied good-time earning status achieved by

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

other similarly situated inmates.  Accordingly, he has abandoned any challenge to the dismissal of that issue.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The jury rendered a verdict for the defendants on Colgrove's race-based equal protection claim and his claim of deliberate indifference to his serious medical needs.  Colgrove argues that the jury's verdict was wrong.  However, the issues raised by Colgrove cannot be resolved without the aid of the trial transcript, which Colgrove has failed to provide.  Because Colgrove has failed to comply with the requirements of FED. R. APP. P. 28(a)(9)(A), this portion of the appeal is dismissed.  See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990); FED. R. APP. P. 10(b)(2).

Colgrove's argument that the judgment should be reversed because he received ineffective assistance of counsel is frivolous as there is no constitutional right to counsel in a civil rights action.  See Strickland v. Washington, 466 U.S. 668, 686 (1984); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Colgrove's appeal is frivolous as it is without arguable merit.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, the appeal is DISMISSED.  See 5TH CIR. R. 42.2.

MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.