United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60771
Summary Calendar
_____

RONNIE MCLAUGHLIN,

                                        Plaintiff-Appellant,

versus

STAIN FARRIES; FRED ANDREW,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:02-CV-165-LN
---------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges

PER CURIAM:[*]

     Ronnie McLaughlin (McLaughlin), Mississippi prisoner
# 38738, appeals the district court's grant of summary judgment
in favor of the defendants and the dismissal of his claims under
42 U.S.C. § 1983 and Mississippi state law.  McLaughlin filed his
complaint to recover damages for injuries he sustained in a slip-
and-fall accident during his incarceration at Wayne County Jail.
He alleges that he slipped on water that had accumulated on the
floor of his cell due to a leaky air conditioning unit.  He

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further alleges that the defendants were aware of the leaky air conditioning unit and negligently failed to clean up the water.

We review a grant of summary judgment *de novo*. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhuman ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotations omitted). Accordingly, a prison official violates an inmate's constitutional rights only if he "1) shows a subjective deliberate indifference to 2) conditions posing a substantial risk of serious harm to the inmate." *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)).

McLaughlin has failed to provide sufficient evidence to make this showing. At most, he has alleged a claim of negligence, which is not actionable under 42 U.S.C. § 1983. *Marsh v. Jones*, 53 F.3d 707, 711-712 (5th Cir. 1995) (inmate's alleged damages stemming from a slip-and-fall due to a leaky air conditioning unit not actionable under section 1983). *See also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."). Therefore, the district court did not err

in granting the defendants' motion for summary judgment as to this claim.

Additionally, McLaughlin argues that he was not given an opportunity to conduct discovery and to adequately oppose the motion for summary judgment. We find this argument to be without merit. A district court has broad discretion in dealing with discovery matters. *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Here, the magistrate's decision to limit discovery after conducting a discovery conference during an omnibus hearing was not an abuse of that discretion. Moreover, McLaughlin did not seek a continuance of the motion for summary judgment pursuant to FED. R. CIV. P. 56(f). Nor did he show how additional discovery was necessary to establish any issue of material fact that would have precluded summary judgment. *See Krim v. Banctexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).

McLaughlin's argument that the district court abused its discretion in not appointing counsel to represent him in the district court is also without merit. There is no general right to counsel in civil rights actions. *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Because McLaughlin's case did not present exceptional circumstances, the district court did not abuse its discretion in denying his motions for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

McLaughlin does not brief his assertion that the district court erred in dismissing his state law claims pursuant to the Mississippi Tort Claims Act.  Although *pro se* briefs are afforded liberal construction, even *pro se* litigants must brief arguments in order to preserve them.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  By failing to identify any error in the district court's judgment, McLaughlin has abandoned the issue on appeal.  *Id.* at 225.  Accordingly, the district court's judgment is AFFIRMED.