# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 17, 2011

Lyle W. Cayce
Clerk

No. 09-30921
Summary Calendar

KELVIN STANLEY GEOGHAGAN,

Plaintiff-Appellant

v.

TIM WILKINSON; TIM KEITH; VIRGIL LUCAS; C/O FITCH; C/O MOSS; LIEUTENANT KNIGHT; INMATE SHAWN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-2331

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kelvin Stanley Geoghagan, Louisiana prisoner # 307711, the plaintiff in the instant 42 U.S.C. § 1983 action, has appealed from the magistrate judge's denial of his motions for appointment of counsel to represent him in the district court proceedings and from the district court's failure to appoint counsel *sua sponte* at trial. He also moves this court for the appointment of counsel.

If necessary, this court must examine the basis of its jurisdiction on its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

own motion. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Geoghagan did not challenge the magistrate judge's adverse rulings before the district court, and there is no evidence in the record that Geoghagan consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Consequently, we lack jurisdiction to consider the magistrate judge's ruling. *See Gregg v. Linder*, 349 F.3d 860, 862 (5th Cir. 2003).

Geoghagan also challenges the district court's failure to appoint counsel *sua sponte* at trial. A district court may appoint counsel in a § 1983 case if exceptional circumstances exist. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). We review a district court's decision not to appoint counsel in a § 1983 action for abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Geoghagan has not shown that the district court abused its discretion in failing to appoint counsel *sua sponte*. The judgment of the district court is AFFIRMED. In light of the foregoing, Geoghagan's motion for appointment of appellate counsel is DENIED.