# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2011

No. 10-60731
Summary Calendar

Lyle W. Cayce
Clerk

JOHN JAMES GALADA,

Plaintiff-Appellant

v.

GEORGE H. PAYNE, JR.; DIANNE GATSON-RILEY, Major; MARTIN LIPSCOMB, Deputy Sheriff; HARRISON COUNTY ADULT DETENTION CENTER JAIL ADMINISTRATOR; SHERIFF OF HARRISON COUNTY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-937

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John James Galada, Mississippi prisoner # 131955, appeals the district court's grant of the defendants' motions for summary judgment and dismissal for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). In his 42 U.S.C. § 1983 civil suit, Galada claimed that prison officials had violated his Fourteenth Amendment right to due process by subjecting him, as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a pretrial detainee, to deplorable conditions of confinement caused by overcrowding and by using excessive force as a form of punishment.

Galada argues that summary judgment was inappropriate in this case because he presented a genuine dispute and because the record was not properly developed. He further asserts that the district court erred in denying his motions for appointment of counsel and in dismissing his complaint for failure to state a claim upon which relief can be granted. In addition, Galada asserts that the proper standard to analyze his use of force claim was not whether officials used excessive force but, rather, whether he received corporal punishment without due process.

We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). Galada fails to make an adequate showing of a genuine dispute, and the evidence he presented to the court tends to establish only that the facility in which he was housed was overcrowded. This court has held that absent a showing that the conditions constituted "punishment" under the Fourteenth Amendment, "[o]vercrowding of persons in custody is not per se unconstitutional." *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004). Galada has not made such a showing here.

Galada's contention that summary judgment was inappropriate because the record was undeveloped due to his inability to complete discovery is unavailing. Galada was provided ample time to conduct discovery and acknowledged that many of the documents he sought to support his claims were part of public record. In addition, Galada failed to even request a Federal Rule of Civil Procedure 56 continuance for further discovery in the district court and did not provide the district court with specific facts explaining his inability to make a substantive response to the summary judgment motion and demonstrating how additional time for discovery would have allowed him to

2

present a genuine issue of material fact. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

The denial of Galada's appointment of counsel motion was not an abuse of discretion. *See Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987). Galada's constitutional issues are not particularly complex, and he has proven himself more than capable of competently proceeding without the assistance of counsel. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988)*; Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Galada does not address the district court's specific reasons for dismissing his claims against Dianne Gatson-Riley in her official capacity. When an appellant fails to identify error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). In addition, Galada does not plead any specific facts tending to establish Gatson-Riley's liability in her individual capacity; therefore, he has not demonstrated that his right to relief rises above the speculative level. *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1505 (2010). Accordingly, the district court did not err in dismissing the claims against Gatson-Riley in her individual capacity. *See id.*

Galada does not cite to any cases utilizing a corporal punishment standard in the context of excessive use of force against a pretrial detainee. The standard Galada espouses is essentially the same one we use to analyze excessive use of force claims. In order to prevail on a claim of excessive use of force, the plaintiff must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but rather was applied maliciously and sadistically with the intention to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Although a showing of "significant injury" is not necessary, we require that the plaintiff have suffered at least some form of injury that is more than de minimis. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Galada has not made the

required showing and acknowledges that he suffered no significant physical injuries. *See id.* Given that he alleges no physical injuries, Galada is barred from seeking damages for mental or emotional distress. *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005.

AFFIRMED.