**Abdi Wali DIRE, Movant,**

v.

**UNITED STATES of America.**

**Criminal Action No. 2:10cr56.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Dec. 20, 2013.

Abdi Wali, Dire, pro se.

John S. Davis, V, Benjamin L. Hatch, Jerome Teresinski, Joseph E. DePadilla, for United States of America.

## MEMORANDUM ORDER

MARK S. DAVIS, District Judge.

This matter is before the Court on Abdi Wali Dire's ("Movant") motion seeking ap-

pointment of counsel to assist in the preparation of a habeas petition pursuant to 28 U.S.C. § 2255. ECF No. 368. For the reasons discussed below, such motion is **DENIED.**

## I. Factual and Procedural History

On November 24, 2010, a jury found Movant guilty on fourteen counts of a superseding indictment, charging him with piracy and other related crimes. On March 14, 2011, the Court sentenced Movant to life imprisonment on the piracy charge, three concurrent sentences of 120 months imprisonment, six concurrent sentences of 240 months imprisonment, two consecutive sentences of 300 months imprisonment, and one consecutive sentence of 360 months imprisonment. On March 16, 2011, Movant filed a Notice of Appeal. On March 23, 2011, Movant's trial counsel was appointed as appellate counsel by the United States Court of Appeals for the Fourth Circuit. Movant, by appointed counsel, appealed to the Fourth Circuit, which affirmed this Court's ruling on May 23, 2012. Movant's counsel then filed a petition for a rehearing *en banc*, which the Fourth Circuit denied on July 3, 2012. A petition for a writ of certiorari was filed with the United States Supreme Court on October 1, 2012. The Supreme Court denied the petition on January 22, 2013. *Dire v. United States*, — U.S. ——, 133 S.Ct. 982, 184 L.Ed.2d 765 (2013).

In the instant motion, Movant asks the Court to appoint counsel to assist "with the research, preparation, and filing of a Title 28 U.S.C. Section 2255 Motion to Vacate, Set Aside, or Correct Sentence." Movant's Mot. at 1, ECF No. 368. Movant asserts that he "is of African (Somalian) descent and does not understand nor speak English which hinders his ability to understand and interpret Rules and procedures governing [§] 2255 proceedings." *Id.* at 3. In addition, Movant alleges that

he "has no formal education" and lacks "the required intellect to adequately, properly and sufficiently research and prepare a 2255 motion." *Id.* at 3–4. Furthermore, Movant alleges that his case, "as it relates to [Movant] being apprehended in international waters and the 'language-barrier' contributing to the commission of the offenses ... is sufficiently complex and substantial to warrant the appointment of counsel to assist [Movant] in the research, preparation and filing of [his] 2255 motion." *Id.* at 3.

## II. Standard of Review

 There is no constitutional right to counsel in a non-capital federal habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir.1995) ("[T]he Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255."). Indeed, as the Fourth Circuit has observed, "the requirement of the Constitution is that the prisoner have counsel upon his trial, not when he subsequently makes a motion attacking the judgment there entered." *Crowe v. United States*, 175 F.2d 799, 801 (4th Cir.1949) (cited in *Hunt*, 57 F.3d at 1340). The only stages where appointment of counsel is mandatory for a non-capital habeas petitioner are when counsel is "necessary for effective discovery," Rule 6(a) of the Rules Governing Section 2255 Cases, and when the district court determines that "an evidentiary hearing is warranted," Rule 8(c) of the Rules Governing Section 2255 Cases.

 Although there is generally no right to counsel in a non-capital habeas proceeding, a court has the discretion to appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006(a)(2)(B). However, the "interests of justice," *id.*, require the appointment of

counsel only in the most "exceptional circumstances," *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir.1984). To determine "whether such circumstances exist in any particular case," the court should consider the "characteristics of the claim and the litigant." *Id.* In doing so, the court should first determine whether " 'it is apparent ... that a *pro se* litigant has a colorable claim.' " *Id.* (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir.1978)). If it is "apparent" that the *pro se* litigant's claims are not "frivolous," the court should then consider whether the litigant "lacks the capacity to present" his claim. *Id.* " 'No comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and of the abilities of the individuals bringing it.' " *Id.* (quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982)).

## III. Discussion

 Movant requests the appointment of counsel, "principally due to: (1) [his] poverty and inability to retain counsel; (2) the fact that [Movant] does not speak [ ]or understand English and is legally unsophisticated; (3) the fact that this case will turn on substantial and complex procedural and mixed legal and factual issues, and [ (4) ] in the interest of justice." Movant's Br. at 3–4, ECF No. 369. Movant fails, however, to demonstrate that the "interest of justice," *id.*, requires the appointment of counsel in his case. *See* 18 U.S.C. § 3006A(a)(2). Movant claims that his

§ 2255 petition will "turn on substantial and complex procedural and mixed legal and factual issues," Movant's Br. at 4, ECF No. 369, but he gives no indication as to what those "substantial and complex" issues might be, such that the Court can determine whether or not "it is *apparent* ... that [he] has a colorable claim." *Whisenant*, 739 F.2d at 163 (emphasis added). Even if Movant could show that his habeas claims are "colorable," he fails to prove "exceptional circumstances" warranting an appointment of counsel. *Id.* To be sure, poverty, legal unsophistication, and lack of education are circumstances encountered by many prisoners who are nonetheless capable of filing § 2255 petitions without the assistance of counsel. Furthermore, Movant's eloquent, well-reasoned motion and supporting memorandum in the instant matter belie the assertion that his lack of education and language barrier somehow prevent him from communicating his habeas claims to this Court without the assistance of counsel. *See* ECF Nos. 368–69 (attached as an exhibit to this Memorandum Order). Accordingly, Movant's request for counsel is **DENIED.**

In the event that Movant files a timely § 2255 petition,[1] he may then renew his request for appointment of counsel. *See Johnson v. Avery*, 393 U.S. 483, 487, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) ("In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hear-

---

**1.** Petitions subject to the limitations period of § 2255(f) must be filed *within one year* from the latest of: "(1) the date judgment is final; (2) the date on which an impediment to filing, created by governmental action in violation of the federal constitution or laws, is removed; (3) the date on which a constitutional [or statutory] right ... is both newly-recognized

and made retroactively applicable by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence." Brian R. Means, *Federal Habeas Manual* § 9A:11, at 609–10 (2013 ed.) (citing 28 U.S.C. § 2255(f)).

ing."). Of course, Movant should be aware that such requests are not generally granted in § 2255 proceedings, unless the Court determines that counsel is "necessary for effective discovery," Rule 6(a) of the Rules Governing Section 2255 Cases, or that "an evidentiary hearing is warranted," Rule 8(c) of the Rules Governing Section 2255 Cases.

## IV. Conclusion

For the reasons discussed above, Movant's motion for appointment of counsel is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Movant and to the Assistant United States Attorney's Office in Norfolk, Virginia.

IT IS SO **ORDERED**.