# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30093
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2014

Lyle W. Cayce
Clerk

DEREK D. HARRIS,

Plaintiff - Appellant

v.

STEPHEN KUPLESKY; DOCTOR WHEAT; TIMOTHY KEITH; CORRECTIONS CORPORATION OF AMERICA; NURSE BROADWAY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-598

Before DAVIS, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Derek D. Harris, Louisiana prisoner # 414072, *pro se* and *in forma pauperis*, challenges the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim and frivolousness. In his complaint, Harris claimed Dr. Kuplesky, Dr. Wheat, and Nurse Broadway, employees at the Winn Correctional Center, were deliberately indifferent to his serious medical needs

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

when they prescribed him allegedly dangerous medication and failed to respond to his concerns about the medication other than to discontinue it.

Dismissal for failure to state a claim under § 1915(e)(2) is reviewed *de novo*, the standard used for dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). To survive dismissal, the complaint must "'state a claim to relief that is plausible on its face'". *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because we conclude that Harris did not meet this standard, we do not consider separately whether his complaint was frivolous.

On appeal, Harris provides only conclusory assertions of error and deliberate indifference. Harris fails to articulate facts showing the medical defendants knew of a substantial risk to Harris' health and disregarded it deliberately. *See Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013).

Harris does not challenge the dismissal of his complaint as it pertains to his claims against Keith, Heyse, or Corrections Corporation of America. Accordingly, he has abandoned them on appeal. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Harris contends the court committed error in denying his motion for appointment of counsel. Because he fails to claim exceptional circumstances justify such appointment, he fails to show the district court abused its discretion. *See Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

The district court's dismissal of Harris' complaint counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Harris is warned that, if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal

No. 14-30093

filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.