**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-6136

JUSTIN MARSHALL EVANS,

       Plaintiff – Appellant,

v.

JOHN KUPLINSKI, Superintendent; MICHAEL EAVES, Major Director of Security; MAJOR FRANK HOUTTE, Major Director of Medical; LT. CHARLES CAIN, Shift Supervisor; LT. KENNETH L. CLEVENGER, Shift Supervisor; CPL. CLYDE A. THOMAS, Officer; LT. LOUIS E. RICHARDSON, Shift Supervisor,

       Defendants – Appellees,

and

SGT. MELVIN D. CARTER, Assistant Shift Supervisor,

       Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:15-cv-00179-MSD-LRL)

Argued: October 26, 2017               Decided: November 17, 2017

Before DUNCAN, THACKER, Circuit Judges, and Max O. COGBURN, Jr., District Judge for the United States District Court for the Western District of North Carolina, sitting by designation.

Vacated and remanded by unpublished opinion. Judge Duncan wrote the opinion, in which Judge Thacker and Judge Cogburn joined.

**ARGUED:** Toby Jay Heytens, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Jeff W. Rosen, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellees. **ON BRIEF:** Lisa Ehrich, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Plaintiff-Appellant Justin Evans argues that the district court abused its discretion in denying his multiple requests for counsel before dismissing his pro se civil rights complaint against seven officials of the Virginia Peninsula Regional Jail ("VPRJ") for violations of his First and Eighth Amendment rights. For the reasons that follow, we find that the record presents the rare exceptional circumstances that render the district court's denial of Evans's requests for counsel an abuse of discretion. Accordingly, we vacate the district court's dismissal of Evans's complaint and remand for proceedings not inconsistent with this opinion.

I.

Evans has a long history of mental illness.[1] He has been prescribed medication and has been under the treatment of psychiatrists and psychologists since age seven. He was diagnosed with bipolar disorder at age twelve. He has a history of drug addiction and was hospitalized and committed for mental health treatment before his October 2009 incarceration.

Evans was arrested on October 13, 2009, and spent most of the time between that date and fall 2014 incarcerated at VPRJ, except for multiple commitments to Central State Hospital, a psychiatric facility. During this period, Evans's commitments to Central

---

[1] Because we review the district court's order dismissing the case, we recite the facts as alleged in the complaint.

3

State Hospital ranged in length from approximately one week to approximately two months. In fall 2014, he was committed to Central State Hospital and remained there through at least January 19, 2016.[2] At all relevant times, Evans was a pretrial detainee.

Evans's commitments to Central State Hospital prior to fall 2014 followed his frequent disruptive behaviors and acts of self-harm at VPRJ. Between October 2009 and December 2013, Evans required forty-one outpatient trips to the emergency room, seven hospital admissions, and seven commitments to Central State Hospital. During that time, VPRJ recorded forty-two instances of self-mutilation and at least thirty incidents of swallowing foreign objects including batteries, pens, pencils, and various plastic and paper items. The record does not clearly establish the basis for Evans's fall 2014 commitment to Central State Hospital, but it "was not due to an incident at [VPRJ]." J.A. 74. Evans was committed for treatment pursuant to a court order "based upon Virginia Code Section 19.2-169.2, Treatment of an Incompetent Defendant." J.A. 161.

Evans filed a pro se complaint under 42 U.S.C. § 1983 against seven VPRJ officials on March 23, 2015, while he was committed to Central State Hospital. His complaint alleges that he suffered various forms of abuse while at VPRJ. First, he alleges that he was violently assaulted by VPRJ officials on at least four occasions. He complains of incidents in March 2010, June 2010, December 2010, and on an unspecified date. Second, he complains about the conditions of his confinement, and describes

_____

[2] Evans's fall 2014 commitment occurred in October or November, but the exact date of commitment is immaterial to our resolution of this case.

4

specific events that occurred in September 2010, between December 2010 and November 2011, in November 2012, and on multiple other dates. Third, he alleges that various defendants restricted his access to the courts while he was confined at VPRJ because he was prevented from filing a complaint for eight to ten months in 2011, that when he eventually prepared and signed a complaint it was never filed, that he was repeatedly told VPRJ had run out of the forms used to file a § 1983 action, and that he was denied the ability to conduct legal research and review legal documents.

Evans remained committed to Central State Hospital for the entirety of the litigation below. Because Central State Hospital is a psychiatric facility, it is not well-equipped to support a patient's legal research. At Central State Hospital, Evans has limited access to writing instruments, a typewriter, and a computer. Central State Hospital does not have a law library and has informed Evans that it cannot provide access to one.

Five defendants moved for summary judgment and the remaining two defendants moved to dismiss the complaint prior to discovery. Evans responded with a motion asking for appointed counsel, which the district court denied because Evans failed to set forth any exceptional circumstances demonstrating the need for an attorney. Evans then drafted a "Motion for Subpoena(s) Duces Tecum," seeking his inmate file from VPRJ. J.A. 130. The district court did not initially receive a copy of the motion, subsequently dismissed it as moot, and later denied Evans's two additional motions for subpoenas.

Evans filed a second motion for counsel, explaining that he had no access to a law library at Central State Hospital but that he needed to conduct legal research to respond to

5

the defendants' motions.  Evans later filed a third motion for counsel.  The district court denied Evans's second and third motions for counsel in a single order.

Evans then responded to the motions for summary judgment and to dismiss, and explained that the superintendent of VPRJ had admitted in a state court proceeding that he had denied Evans access to the law library in order to prevent Evans from suing VPRJ.  Evans also wrote that he was "informed" of "legal precedents" stating "that if the Defendants prevented plaintiff from filing a lawsuit, or if plaintiff's access to courts and the Law was denied by or interrfered [sic] with by Defendants, . . . the time bar Statute of limitations referred to by Defendants['] Attorney is null and void," but explained that he could not research the issue at Central State Hospital.  J.A. 199.

The district court granted the defendants' motions and dismissed the complaint in a Dismissal Order dated January 19, 2016.  The Dismissal Order did not address the tolling issue that Evans identified, but concluded that Evans's claims were generally barred by the statute of limitations and that the defendants were entitled to summary judgment on all non-time barred claims.  This appeal followed.

II.

We review the district court's denial of Evans's requests for counsel for abuse of discretion.  *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989).

A pro se prisoner does not have a general right to counsel in a § 1983 action.  *Id.* However, "[t]he court may request an attorney to represent any person unable to afford

6

counsel." 28 U.S.C. § 1915(e). The decision to appoint counsel is committed to the district court's discretion, "but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant*, 739 F.2d at 163. In particular, the existence of exceptional circumstances turns on (1) the type and complexity of the case and (2) the capabilities of the individual bringing it. *Id.* Counsel should be requested "[i]f it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it." *Id.*

For the reasons that follow, we find that exceptional circumstances exist here because (1) Evans's claims implicate a complex but colorable tolling issue and (2) Evans suffers from severe mental illness and was committed to a psychiatric facility without access to research materials for the entirety of the litigation below. Accordingly, we find that the district court abused its discretion by denying Evans's requests for counsel.

A.

We first examine the characteristics of Evans's claims, which suggest that this case presents exceptional circumstances because (1) Evans's § 1983 action implicates two legally complex tolling arguments and (2) Appellees conceded at oral argument that presentation of the tolling arguments below could have helped Evans. Taken together, these characteristics suggest that the "type and complexity of the case" present exceptional circumstances. *See id.* (quoting *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)).

7

First, Evans's claims implicate two complex tolling arguments. The district court ruled that most of Evans's claims under § 1983 were time-barred. Because there is no explicit statute of limitations for claims brought under § 1983, courts borrow the state law personal injury statute of limitations, *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)), and tolling rules, *Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980). Accordingly, Evans's claims are subject to a two-year statute of limitations, s*ee* Va. Code Ann. § 8.01-243(A), which may be tolled for any period during which Evans was incapacitated or a defendant directly or indirectly prevented him from filing suit, s*ee id.* §§ 8.01-229(A)(2)(b), 8.01-229(D). While Evans informed the district court that he believed that the statute of limitations might be tolled in his case, he could not identify the applicable statutes or explain why tolling was appropriate. The defendants did not discuss tolling in their filings below, and the district court did not address tolling in ruling on the timeliness of Evans's complaint.

Without a lawyer, and without access to a law library during the entire pendency of the litigation below, Evans was unable to argue that claims that would ordinarily be time-barred were in fact timely because of his incapacity or the defendants' obstruction. The tolling issue is complex because it is an issue a non-lawyer is unlikely to understand and requires substantial research to determine which jurisdiction's rules govern, which particular rules are implicated, and how those rules apply. Moreover, it is clear that Evans's tolling argument is colorable because Appellees conceded at oral argument that the tolling argument, if presented to the district court, "could have been helpful" to

8

Evans. *See* Oral Argument at 19:30–19:35. Accordingly, we find that the characteristics of Evans's claims suggest that this case presents exceptional circumstances.

B.

We next consider Evans's characteristics and capabilities, which further suggest that this case presents exceptional circumstances. Evans could not present his tolling argument because (1) he is severely mentally ill and his conduct at VPRJ was, to borrow the term Appellees used at oral argument, "extraordinary," and (2) he was confined for the entirety of the litigation below to a psychiatric facility that did not allow him to conduct legal research.

First, Evans suffers from severe mental illness. He has suffered from diagnosed mental illness since childhood. He is bipolar, has long been under the care of medical professionals and prescribed medication, and has struggled with drug addiction. At oral argument, Appellees conceded that Evans's conduct since his arrival at VPRJ has been "extraordinary," a characterization supported by the record. Since October 2009, VPRJ documented forty-two instances of self-mutilation, at least thirty instances of swallowing foreign objects, forty-one outpatient trips to the emergency room, seven hospital admissions, and seven commitments to Central State Hospital. We agree with Appellees' statement at oral argument that Evans's conduct renders this "an extraordinary case," that "this was not the normal inmate," and that Evans was "extraordinary in his behavior." *See* Oral Argument at 23:50–24:20. Accordingly, we believe that Evans's behavior and illness support a finding that this case presents exceptional circumstances.

9

Second, Evans was committed to Central State Hospital for the entirety of the litigation below and was therefore unable to conduct legal research at any point in the proceedings. At Central State Hospital, Evans could not access a law library to research his complex tolling arguments and had only limited access to a typewriter or pen and paper. We imply no criticism of Central State Hospital, which is a psychiatric facility and which reasonably prioritized Evans's safety. But Evans's complete inability to conduct legal research at any point during the proceedings before the district court supports a conclusion that he was unable to pursue his claims. *See Whisenant*, 739 F.2d at 163. Accordingly, we find that Evans's characteristics and capabilities also suggest that this case presents exceptional circumstances.

Thus, both the type and complexity of Evans's claims and Evans's personal characteristics and capabilities present exceptional circumstances. We therefore conclude that the district court abused its discretion in denying Evans's requests for counsel.

C.

Having found that the district court abused its discretion in declining to request that counsel be appointed to represent Evans, we must fashion a remedy. We conclude that the district court's denial of Evans's requests for counsel tainted the dismissal of his complaint. Accordingly, we vacate the dismissal of his complaint and remand with instructions to request that counsel be appointed to represent Evans.

III.

10

For the foregoing reasons, the judgment of the district court is

*VACATED AND REMANDED*
*WITH INSTRUCTIONS.*