# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2022

Lyle W. Cayce
Clerk

No. 20-40878
Summary Calendar

AARON STRIZ,

*Plaintiff—Appellant*,

*versus*

BRIAN COLLIER, *Executive Director, TDCJ-ID*; MICHAEL J. BUTCHER, *Senior Warden, Darrington Unit*; KURTIS D. PHARR, *Major, Darrington Unit*; LISA D. DAVIS, *Unit Classification Case Manager, Darrington Unit*; CARTER, *(formerly) Senior Warden, Estelle Unit*; BREWER, *(current) Senior Warden, Estelle Unit*; CHRISTOPHER S. LACOX, *Assistant Warden, Estelle High Security*; CLIFF H. PRESTWOOD, *(formerly) Assistant Warden, Estelle H.S.*; BOBBY D. RIGSBY, *Major, Estelle High Security*; JODY L. VINCENT, *Captain, Estelle High Security*; KODY R. SCHURR, *Captain, Estelle High Security*; BETCHER, *(formerly) Senior Warden, Robertson Unit*; SIRINGI, *(formerly) Senior Warden, Robertson Unit*; UNKNOWN NAME, *Chairman of State Classification, TDCJ-CID*; D RAY, *State Classification Representative*; V. JONES, *State Classification Representative*; K. GIBSON, *State Classification Representative*; JAMES POWERS; MYRA M. MONTEZ,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CV-202

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Aaron Striz has been confined in administrative segregation for over two decades. He was segregated after being identified as a member of the Aryan Brotherhood. The prison has told Striz that to leave administrative segregation, he must disaffiliate from the gang and complete a rehabilitation program. But Striz is barred from participating in that program because of a "security precaution designation" code that the prison assigned him for stabbing a guard and attempting to escape. Thus, while being a gang member initially landed Striz in administrative segregation, the security code has kept him there.

Striz, representing himself, sued several prison officials under 42 U.S.C. § 1983. He alleged that his administrative segregation violates his due process, equal protection, and Eighth Amendment rights and violates the Ex Post Facto Clause. He sought an injunction ordering the defendants to release him from administrative segregation, along with punitive damages for his confinement.

Striz argued that the prison can no longer justify his administrative segregation given his disaffiliation from the Aryan Brotherhood. He argued that the stabbing and escape attempt, which occurred before he was identified as a gang member, cannot be the basis of his ongoing confinement because those incidents did not originally lead to his administrative segregation. And he argued that the hearings that the prison periodically uses to determine whether to remove his security codes are a perfunctory sham.

The district court granted summary judgment in favor of defendants. For the due process claim, the district court concluded that Striz did not

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

demonstrate a protectable liberty interest, and that even if he did, he had received the process due. The court then concluded that Striz had no cognizable equal protection claim because he did not show any irrational discrimination. Next, Striz's Eighth Amendment claim was rejected because he failed to make specific allegations about his conditions of confinement and did not show that defendants were deliberately indifferent. Because Striz did not establish any violations of his constitutional rights, the district court granted defendants qualified immunity on these three claims. Lastly, the district court dismissed Striz's claim that defendants violated the Ex Post Facto Clause by assigning him a security code after his administrative segregation began, reasoning that the Clause does not apply to changes in prison policy, and, in any event, the security code did not increase the length of Striz's sentence.

Striz appeals the district court's grant of summary judgment, which we review de novo. *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009). We affirm the district court's judgment but not entirely for the reasons it gave. *See Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (explaining that the court may affirm the district court on any grounds supported by the record).

Qualified immunity is not a defense to Striz's claims for injunctive relief. *Chrissy F. v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991) (explaining that qualified immunity is a defense to claims for damages but not to claims for "injunctive or declaratory relief"). And with respect to Striz's due process claim, we can assume without deciding that Striz's years-long administrative segregation implicated a liberty interest protected by the Due Process Clause. *Wilkerson v. Goodwin*, 774 F.3d 845, 853 (5th Cir. 2014) (recognizing that although administrative segregation is usually an ordinary incident of incarceration, it can give rise to a due process interest if it imposes an "atypical and significant hardship"). That is because the prison provided

Striz with the process that is due through advance notice of review hearings and an opportunity to speak and submit evidence at those hearings. Summary judgment was therefore appropriate on Striz's due process claim. *See Bailey*, 647 F. App'x at 477 n.9.

And we agree with the reasons given by the district court for granting summary judgment on Striz's remaining claims.

We further deny Striz's separate motion for appointed counsel on appeal. "A civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Such action is only appropriate when an appeal presents exception circumstances, which depends on the type and complexity of the case and the abilities of the individual bringing it. *Branch v. Cole*, 686 F.2d 264, 267 (5th Cir. 1982). The issues presented here are straightforward, and the plaintiff appears able in presenting them.

\* \* \*

We AFFIRM the judgment of the district court and DENY Striz's motion for appointment of counsel.